# SUMMONS ISSUED

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------------- x

Joseph Morison,

                          Plaintiff,

               -against-

CITY OF NEW YORK; Police Officer
Ragone (Shield No. 832); Police Officers JOHN
and JANE DOES 1 through 10, individually and in
their official capacities, (the names John and Jane
Doe being fictitious, as the true names are presently
unknown),

                     Defendants.
------------------------------------------------------------------- x

**COMPLAINT**

Jury Trial Demanded

**162**

TOWNES, J.

AZRACK, M.J.

## NATURE OF THE ACTION

1.    This is an action to recover money damages arising out of the violation of plaintiff's rights under the Constitution.

## JURISDICTION AND VENUE

2.    This action is brought pursuant to 42 U.S.C. §§ 1983 and 1988, and the Fourth and Fourteenth Amendments to the Constitution of the United States.

3.    The jurisdiction of this Court is predicated upon 28 U.S.C. §§ 1331, 1343 and 1367(a).

4.    Venue is proper in this district pursuant to 28 U.S.C. §§ 1391 (b) and (c).

## JURY DEMAND

5.    Plaintiff demands a trial by jury in this action.

## **PARTIES**

6.      Plaintiff Joseph Morison ("plaintiff" or "Mr. Morison") is a resident of Kings County in the City and State of New York.

7.      Defendant City of New York is a municipal corporation organized under the laws of the State of New York.  It operates the NYPD, a department or agency of defendant City of New York responsible for the appointment, training, supervision, promotion and discipline of police officers and supervisory police officers, including the individually named defendants herein.

8.      At all times relevant herein, Paul Ragone ("Ragone") was employed by the NYPD and acting as an agent, servant and employees of defendant City of New York and the NYPD.  Ragone is sued in his individual capacity.

9.      At all times relevant defendants John and Jane Doe 1 through 10 were police officers, detectives or supervisors employed by the NYPD.  Plaintiff does not know the real names and shield numbers of defendants John and Jane Doe 1 through 10.

10.      At all times relevant herein, defendants John and Jane Doe 1 through 10 were acting as agents, servants and employees of defendant City of New York and the NYPD.  Defendants John and Jane Doe 1 through 10 are sued in their individual and official capacities.

2

11.    At all times relevant herein, all individual defendants were acting under color of state law.

## STATEMENT OF FACTS

12.    At approximately 3:30 p.m. on April 17, 2012, plaintiff was lawfully in the vicinity of 912 Saratoga Avenue in Brooklyn, New York.

13.    Plaintiff and his cousin were at the abovementioned located to see their friend, who lived in the building.

14.    Defendant officers suddenly approached plaintiff and his cousin demanding to know whom they were there to see.

15.    Plaintiff responded saying that they were there to see his friend who lived in apartment 7B.

16.    When defendants went to the abovementioned apartment, plaintiff's friend confirmed that Mr. Morison and his cousin were there to see him.

17.    That notwithstanding, defendants arrested plaintiff for trespassing.

18.    Plaintiff was eventually taken to the 73rd Precinct.

19.    Approximately twelve hours later plaintiff was transported to Brooklyn Central Booking.

20.    The officers falsely informed employees of the Kings County District Attorney's Office that plaintiff had trespassed.

21.    The officers had not observed plaintiff trespass.

22. At arraignment, the criminal charges against plaintiff were adjourned in contemplation of dismissal.

23. After spending approximately 26 hours in custody, plaintiff was released.

24. Plaintiff suffered damage as a result of defendants' actions. Plaintiff was deprived of his liberty, suffered emotional distress, mental anguish, fear and anxiety.

## FIRST CLAIM
### Unlawful Stop and Search

25. Plaintiff repeats and realleges each and every allegation as if fully set forth herein.

26. Defendants violated the Fourth and Fourteenth Amendments because they stopped and searched plaintiff without reasonable suspicion.

27. As a direct and proximate result of this unlawful conduct, plaintiff sustained the damages herein before alleged.

4

## SECOND CLAIM
### False Arrest

28.    Plaintiff repeats and realleges each and every allegation as if fully set forth herein.

29.    Defendants violated the Fourth and Fourteenth Amendments because they arrested plaintiff without probable cause.

30.    As a direct and proximate result of this unlawful conduct, plaintiff sustained the damages hereinbefore alleged.

31.    As a direct and proximate result of the misconduct and abuse of authority stated above, plaintiff sustained the damages alleged herein.

32.    As a direct and proximate result of the misconduct and abuse of authority stated above, plaintiff sustained the damages alleged herein.

## THIRD CLAIM
### Failure to Intervene

33.    Plaintiff repeats and realleges each and every allegation as if fully set forth herein.

34.    Those defendants that were present but did not actively participate in the aforementioned unlawful conduct observed such conduct, had an opportunity prevent such conduct, had a duty to intervene and prevent such conduct and failed to intervene.

35.    Accordingly, the defendants who failed to intervene violated the Fourth and Fourteenth Amendments.

36.    As a direct and proximate result of this unlawful conduct, plaintiff sustained the damages hereinbefore alleged.

6

## PRAYER FOR RELIEF

**WHEREFORE**, plaintiff respectfully requests judgment against defendants as follows:

(a) Compensatory damages against all defendants, jointly and severally;

(b) Punitive damages against the individual defendants, jointly and severally;

(c) Reasonable attorneys' fees and costs pursuant to 28 U.S.C. § 1988; and

(d) Such other and further relief as this Court deems just and proper.


DATED:    January 10, 2013
          New York, New York

_____
Robert Marinelli
299 Broadway, Suite 1501
New York, New York 10007
(212) 822-1427


*Attorney for plaintiff*